**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>                    Defendants. | No. 26-cv-00095<br><br>**ORDER** |

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Jane Doe's ("Plaintiff") Complaint, (ECF No. 1), application to proceed *in forma pauperis*, (ECF No. 1-1), and Motion for Emergency Temporary Restraining Order and Preliminary Injunction ("Motion"), (ECF No. 2); and

**WHEREAS**, Plaintiff has established her inability to pay the costs of the proceeding, (ECF No. 1-1), and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a); and

**WHEREAS,** under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if [it] determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted";[1] and

**WHEREAS**, the Court construes pleadings filed by a *pro se* plaintiff liberally and holds them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "*pro se* litigants must allege sufficient facts in their complaint to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019); and

**WHEREAS**, under Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement of the grounds for jurisdiction, a short and plain statement showing entitlement to relief, and a demand for relief sought, sufficient to provide defendants with fair notice of the claims and their factual bases; and

**WHEREAS**, a district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Tucker v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)), or the complaint otherwise "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011); and

---

[1]  When evaluating whether a claim must be dismissed under Section 1915(e) for failure to state a claim upon which relief may be granted, the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive a 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

**WHEREAS**, here, the Complaint asserts claims alleging: (1) deprivation of civil rights under 42 U.S.C. § 1983 based on alleged failures by federal, state, and local actors to investigate reported threats and harm, alleged unlawful detention, and alleged denial of medical care in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments; (2) a conspiracy to violate civil rights under 42 U.S.C. § 1985 through alleged fabrication of records, interference with custodial rights, surveillance, covert drugging, and retaliation; (3) failure to investigate and intervene under 42 U.S.C. §§ 1983 and 1985 with respect to reported threats, kidnapping, and violence; (4) entitlement to habeas relief under 28 U.S.C. § 2241 based on alleged unlawful restraints on liberty, including threats of involuntary psychiatric commitment and custodial interference; and (5) mandamus relief under 28 U.S.C. § 1361 compelling federal and state agencies to investigate the alleged conduct and provide protective measures for Plaintiff and her minor child; and

**WHEREAS**, the Complaint purports to allege a wide-ranging conspiracy in which state and federal officials, "classified co-conspirators," medical professionals, social-service agencies, and other private individuals engaged in a campaign of physical and emotional abuse, involving death threats, the kidnapping of Plaintiff's child, arbitrary detention, covert surveillance and drugging, medical sabotage, and other acts characterized as harassment and terrorism, all of which Plaintiff asserts were dismissed, ignored, or met with retaliatory conduct by law-enforcement authorities, (*see* ECF No. 1 at 2–6); and

**WHEREAS**, these allegations are obscure, conclusory, and fail to identify the individuals allegedly responsible for the challenged conduct, leaving Defendants without fair notice of the claims against them, particularly where the Complaint appears to involve actions by various state and federal law-enforcement actors but names only the United States and the State of New Jersey

3

as Defendants and provides no specific factual allegations explaining how those entities are allegedly liable, *see Tillio v. Davis, Bennett, Barr & Spiess Penngrass Att'ys at L.*, 444 F. App'x 513, 514 (3d Cir. 2011) (affirming dismissal on Rule 8 grounds where the plaintiff's complaint did not "reveal[] any factual or legal basis for a federal claim"); and

**WHEREAS**, Count IV also fails to state a claim for habeas corpus relief because such claim must be brought "in a separate habeas petition rather than in this § 1983 action," *McNeil v. Harvey*, No. 05-0065, 2005 WL 2143973, at *1 n.1 (D.N.J. Sept. 1, 2005), and only by individuals in physical or constructive custody, *see United States ex rel. Dessus v. Pennsylvania,* 452 F.2d 557, 560 (3d Cir. 1971) ("[C]ustody is the passport to federal habeas corpus jurisdiction."); and

**WHEREAS**, Count V also fails to state a claim for mandamus relief because "federal courts lack jurisdiction to compel an investigation by a law enforcement agency," *Evans-Sampson v. United States Dep't of Just.*, No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022); and

**WHEREAS**, because the Complaint "fails to state a claim under § 1983" or otherwise, Plaintiff's "request for a Temporary Restraining Order or Preliminary Injunction shall be denied," *Senk v. Jeffes*, No. 86-2976, 1987 WL 8546, at *1 (E.D. Pa. Mar. 25, 1987); therefore

**IT IS** on this 12th day of January, 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-1), is GRANTED, but the Complaint, (ECF No. 1), is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;[2] and it is further

---

[2] The Complaint also asserts claims on behalf of Plaintiff Doe's minor child. (*See* ECF No. 1 at 1). But the law in the Third Circuit is clear that a parent appearing *pro se* may not bring an action on behalf of their minor children in federal court, including for civil rights and constitutional claims. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cole v. Montague Bd. of Educ.*, 145 F. App'x 760, 762 n.1 (3d Cir. 2005). Thus, the claims by Plaintiff Doe on behalf of her minor child must be dismissed as well.

**ORDERED** that the Motion for Emergency Temporary Restraining Order and Preliminary Injunction, (ECF No. 2), is DENIED without prejudice; and it is further

**ORDERED** that if Plaintiff believes in good faith[3] that she is able to state a claim under a cognizable cause of action, she is granted 30 days to amend her Complaint.

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[3] Some of Plaintiff's filings seem to have been generated using artificial intelligence ("AI") and include what appear to be hallucinated or nonexistent legal authorities. (*See* Compl. Ex. 1, ECF No. 1-3 at 1). Although *pro se* pleadings are construed liberally, an "unrepresented party" remains subject to Federal Rule of Civil Procedure 11 and may be sanctioned for failing to conduct a reasonable inquiry into whether "the claims, defenses, and other legal contentions are warranted by existing law." FED. R. CIV. P. 11(b)–(c); *see Powhatan Cnty. Sch. Bd. v. Skinger*, No. 24-874, 2025 WL 1559593, at *10 (E.D. Va. June 2, 2025) (collecting cases) ("Courts have also routinely threatened to impose sanctions on litigants proceeding *pro se* who cite AI-hallucinated or otherwise nonexistent legal authority to support their positions."). Thus, to the extent Plaintiff submits any additional filings, she is cautioned as to her obligations under Rule 11.